BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
PATRICIA N. SYVERSON (CA SBN 203111)
MANFRED P. MUECKE (CA SBN 222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*To Be Admitted Pro Hac Vice*)
CARRIE A. LALIBERTE (*To Be Admitted Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMARA FRANKEL and NATASHA PARACHA, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOB'S RED MILL NATURAL FOODS, INC., an Oregon Corporation.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*; and<br>2. VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*<br><br>DEMAND FOR JURY TRIAL |

Class Action Complaint

Plaintiffs Tamara Frankel and Natasha Paracha bring this action on behalf of themselves and all others similarly situated against Defendant Bob's Red Mill Natural Foods and states:

**FACTUAL ALLEGATIONS**

1. Defendant manufactures, markets, sells, and distributes various food products under its Bob's Red Mill brand. This lawsuit concerns two of those products: Steel Cut Oats and Old Fashioned Rolled Oats (the "Products").[1]

2. In marketing its Products, Defendant seeks to appeal to the consuming public's ever-growing health consciousness and increasing appetite for nutritious, wholesome foods that will benefit their health and avoidance of highly-processed foods with non-healthy attributes such as GMOs, artificial additives, gluten, added sugars, and hydrogenated oils.

3. Defendant makes several detailed representations about the health attributes of its Products on the front of the Product packages. Defendant represents on the front of its Products that the Products are "Whole Grain". The front of the Old Fashioned Rolled Oats further states that the Product is "Gluten Free", "Wheat Free", "Dairy Free", and "purity tested". The front of the Steel Cut Oats further states that the Product is a "Friend of the Heart" and is "wholesome", and the Product package further boasts "To Your Good Health" and "You Can See Our Quality". These representations are collectively referred to as the "Product healthy attribute representations".

4. The Product healthy attribute representations lead reasonable consumers to believe the Products will foster their "good health" and not potentially harm their health.

5. However, recent testing by the Environmental Working Group (EWG),

---

[1] Plaintiffs reserve the right to add additional products upon completion of discovery.

Class Action Complaint

a nonprofit organization dedicated to protecting human health and the environment, revealed that Defendant's Products contain glyphosate, one of the most widely used herbicides in the United States.  EWG's Children's Health Initiative, "Breakfast With a Dose of Roundup?" August 15, 2018, *available at* https://www.ewg.org/childrenshealth/glyphosateincereal/#.W3TTbPZFw2w ("EWG") (last visited August 23, 2018). Each year, more than 250 million pounds of glyphosate is sprayed on American crops, including wheat, barley, and oats just before they are harvested. *Id.*

6.   The International Agency for Research on Cancer, part of the World Health Organization, has determined that glyphosate is "probably carcinogenic to humans".  IARC Monographs Volume 112: evaluation of five organophosphate insecticides and herbicides, March 20, 2015, *available at* http://www.iarc.fr/en/media-centre/iarcnews/pdf/MonographVolume112.pdf   (last visited August 23, 2018). Glyphosate is even more dangerous for children, who are more susceptible to carcinogens.  *See EWG.*

7.   Because it is a carcinogen with no nutritional value, the presence of *any* amount of glyphosate in the Products is material to reasonable consumers.  No reasonable consumer would purchase the Products knowing that they contained glyphosate.

8.   Even though Defendant knew that the Products contain the probable carcinogen glyphosate or, at a minimum, that it could not guarantee the Products did not contain glyphosate given its wide use as a pesticide, Defendant does not disclose this information on the front of the Product labels, choosing instead to specifically identify only the healthy attributes of its Products.  Nor does Defendant include this information on the back or sides of the packages, where more detailed Product information is generally found, instead choosing to repeat and reinforce the healthy attributes identified on the front of the packages.  In fact, nowhere on its Product

- 2 -
Class Action Complaint

packages – inside or out – does Defendant disclose that the Products contain or likely contain glyphosate, such that Defendant's Product healthy attribute representations are misleading half-truths.

9. As the manufacturer and distributor of the Products, Defendant knew that the Products contained or likely contained glyphosate. By contrast, Plaintiffs and consumers did not and do not have access to such information. Nor is that fact easily discovered by Plaintiffs and consumers before purchase of the Products. Because Defendant had knowledge that the Products contain or likely contain glyphosate, and Plaintiffs and consumers did not, Defendant had a duty to disclose that fact—and that glyphosate is a probable carcinogen—to consumers, which it did not do.

10. Consumers have a reasonable expectation that material product information, such as the presence of a probable carcinogen like glyphosate, will be provided by a product manufacturer, especially when the manufacturer affirmatively identifies the health-related attributes of its Products such as "Gluten Free", "Whole Grain", and "Friend of the Heart". By only identifying the health attributes of its Products and failing to disclose that the Products contain or likely contain glyphosate, Defendant actively concealed this information from Plaintiffs, Class members, and the general public. *See* representative Product labels, attached hereto as Exhibit A.

11. Defendant had a duty to disclose the fact that the Products contain or likely contain glyphosate and that glyphosate is a probable carcinogen, which was known to Defendant and unknown and/or not reasonably accessible to Plaintiffs and consumers, on its Product labels where the disclosure could be viewed by Plaintiffs and consumers at the point-of-sale.

12. By failing to disclose the fact that the Products contain or likely contain glyphosate and continuing to sell the Products in packages omitting this information, Defendant has and continues to deceive and mislead consumers, including Plaintiffs.

13. As a result of Defendant's misleading half-truths and material nondisclosures, consumers will continue to purchase Defendant's Products that, unbeknownst to them, contain or likely contain glyphosate.

14. Plaintiffs bring this action on behalf of themselves and other similarly situated consumers who purchased the Products to halt the dissemination of this misleading and deceptive advertising message, correct the misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Products. Based on violations of California unfair competition laws (detailed below), Plaintiffs seek declaratory, injunctive, and restitutionary relief for consumers who purchased the Products.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some members of the Class are citizens of a state different from Defendant.

16. This Court has personal jurisdiction over Defendant because Defendant is authorized to conduct and do business in California, including this District. Defendant marketed, promoted, distributed, and sold the Products in California, and Defendant has sufficient minimum contacts with this State and/or sufficiently availed itself of the markets in this State through its promotion, sales, distribution, and marketing within this State, including this District, to render the exercise of jurisdiction by this Court permissible.

17. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events giving rise to Plaintiff Frankel's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendant transacts substantial business in this District.

//

- 4 -
Class Action Complaint

## PARTIES

18. Plaintiff Tamara Frankel resides in San Francisco County, California. Throughout the relevant period, Plaintiff Frankel routinely was exposed to, saw, and relied upon Defendant's Product healthy attribute representations by reading the Bob's Red Mill Steel Cut Oats Product labels (both the large package and the smaller single serving packages) at various stores in the San Francisco Bay area, including Safeway in Santa Clara, California, Draeger's in Los Altos, California, and Whole Foods in San Francisco, California. Plaintiff Frankel purchased the Products for approximately $2 of the single serving and $7-8 for the larger package. At all relevant times, Plaintiff was unaware that the Products contained glyphosate or that Defendant could not guarantee they did not contain glyphosate. Had Defendant disclosed on the packages that the Products contained or may contain glyphosate, Plaintiff Frankel would have seen and read that disclosure and would not have purchased them. As a result, Plaintiff Frankel suffered injury in fact and lost money at the time of purchase.

19. Plaintiff Natasha Paracha resides in Los Angeles County, California. Throughout the relevant period, Plaintiff Paracha routinely was exposed to, saw, and relied upon Defendant's Product healthy attribute representations by reading the Bob's Red Mill Steel Cut Oats and Bob's Red Mill Old Fashioned Rolled Oats Product labels at various stores in her area, including the Cal Poly Farms store in Pomona, California and Sprouts in Brea, California. Plaintiff Paracha purchased the Products for approximately $6-8/package. At all relevant times, Plaintiff was unaware that the Products contained glyphosate or that Defendant could not guarantee they did not contain glyphosate. Had Defendant disclosed on the packages that the Products contained or may contain glyphosate, Plaintiff Paracha would have seen and read that disclosure and would not have purchased them. As a result, Plaintiff Paracha suffered injury in fact and lost money at the time of purchase.

20. Defendant Bob's Red Mill Natural Foods is an employee-owned company whose headquarters is located at 13521 SE Pheasant Ct, Milwaukie, OR 97222. Bob's Red Mill Natural Foods manufactures, advertises, markets, distributes, and/or sells the Products to tens of thousands of consumers in California and throughout the United States.

## CLASS DEFINITION AND ALLEGATIONS

21. Plaintiffs brings this action on behalf of themselves and all other similarly situated consumers pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> **Multi-State Class Action**
> All consumers who, within the applicable statute of limitations period until the date notice is disseminated, purchased the Products in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington.[2]
>
> Excluded from this Class are Defendant and its officers, directors, employees and those who purchased the Products for the purpose of resale.

22. In the alternative to a Multi-State Class, Plaintiffs seek certification of the following California-Only Class:

> **California-Only Class Action**
> All California consumers who within the applicable statute of limitations period until the date notice is disseminated, purchased the Products.

---

[2] The States in the Multistate Class are limited to those States with similar consumer fraud laws as applied to the facts of this case: California (Cal. Bus. & Prof. Code §17200, *et seq.*); Florida (Fla. Stat. §501.201, *et seq.*); Illinois (815 Ill. Comp. Stat. 502/1, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws §445.901, *et seq.*); Minnesota (Minn. Stat. §325F.67, *et seq.*); Missouri (Mo. Rev. Stat. 010, *et seq.*); New Jersey (N.J. Stat. §56:8-1, *et seq.*); New York (N.Y. Gen. Bus. Law §349, *et seq.*); and Washington (Wash. Rev. Code §19.86.010, *et seq.*). These statutes are referred to as "Similar Consumer Fraud Statutes."

Excluded from this Class are Defendant and its officers, directors and employees, and those who purchased the Products for the purpose of resale.

23. **Numerosity**. The members of the Classes are so numerous that joinder of all members of the Classes is impracticable. Plaintiffs are informed and believe that the proposed Classes contain thousands of purchasers of the Products who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiffs.

24. **Existence and Predominance of Common Questions of Law and Fact**. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a)    whether Defendant's alleged conduct is unlawful;

    (b)    whether the alleged conduct constitutes violations of the laws asserted;

    (c)    whether Defendant engaged in misleading and/or deceptive advertising; and

    (d)    whether Plaintiffs and Class members are entitled to appropriate remedies, including restitution and injunctive relief.

25. **Typicality.** Plaintiffs' claims are typical of the claims of the members of the Classes because, *inter alia*, all Class members were injured through the uniform misconduct described above. Plaintiffs are also advancing the same claims and legal theories on behalf of themselves and all Class members.

26. **Adequacy of Representation.** Plaintiffs will fairly and adequately protect the interests of Class members. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Classes.

27. **Superiority.** A class action is superior to all other available means for

the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

28. Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiffs and Class members.

# COUNT I
**Violation of Business & Professions Code §17200, *et seq.*
and Similar Consumer Fraud Statutes, *supra* note 2
(On Behalf of the Multi-State or California-Only Class)**

29. Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

30. Plaintiffs bring this claim individually and on behalf of the Classes.

31. As alleged herein, Plaintiffs have suffered injury in fact and lost money or property at the time of purchase as a result of Defendant's conduct because they purchased Defendant's Products in reliance on Defendant's Product healthy attribute representations. Had Plaintiffs known that the Products contained glyphosate or that Defendant could not guarantee the Products did not contain glyphosate, Plaintiffs

would not have purchased the Products.

32. The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL") prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising. The Similar Consumer Fraud Statutes likewise prohibit the use of unfair or deceptive practices in the course of trade or commerce, and are to be liberally construed.

33. In the course of conducting business, Defendant committed "unlawful" business practices by, *inter alia*, making the Product healthy attribute representations, which are misleading half-truths, and the material omissions (which also constitutes advertising within the meaning of §17200) regarding the Products' labeling, as set forth more fully herein, and violating Civil Code §§ 1552, 1573, 1709, and 1711, the California Legal Remedies Act, Civil Code § 1750, *et seq.*, Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*, the Similar Consumer Fraud Statutes, and the common law.

34. Plaintiffs reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

35. In the course of conducting business, Defendant committed "unfair" business acts or practices by, *inter alia*, making the Product healthy attribute representations, which are misleading half-truths, and material omissions (which also constitutes advertising within the meaning of § 17200) regarding the Products' labeling, as set forth more fully herein. There is no societal benefit from false advertising, only harm. While Plaintiffs and the public at large were and continue to be harmed, Defendant has been unjustly enriched by its misleading half-truths and material omissions. Because the utility of Defendant's conduct (zero) is outweighed by the gravity of harm to Plaintiffs, consumers, and the competitive market, Defendant's conduct is "unfair" having offended an established public policy.

Further, Defendant engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to the public at large.

36. There were reasonable available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

37. In the course of conducting business, Defendant committed "fraudulent business act[s] or practices" and deceptive or misleading advertising by, *inter alia*, making the Product healthy attribute representations, which are misleading half-truths, and the material omissions (which also constitutes advertising within the meaning of §17200) regarding the Products as set forth more fully herein.

38. Defendant's actions, claims, and misleading statements, as more fully set forth above, are misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq*. and the Similar Consumer Fraud Statutes.

39. Plaintiffs relied on Defendant's Product healthy attribute representations and was in fact injured as a result of those misleading half-truths and material omissions. Plaintiffs have suffered injury in fact and lost money as a result of their purchases of Defendant's Products.

40. Unless restrained and enjoined, Defendant will continue to engage in the above described conduct. Accordingly, injunctive relief is appropriate.

41. Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, seeks declaratory relief and an injunction prohibiting Defendant from continuing such practices, restitution of all money obtained from Plaintiffs and the members of the Classes collected as a result of unfair competition, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17203 and the Similar Consumer Fraud Statutes.

//

//

# COUNT II
**Violations of the Consumers Legal Remedies Act – Civil Code § 1750 *et seq.*
(On Behalf of the California-Only Class)**

42. Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

43. Plaintiffs brings this claim individually and on behalf of the California-Only Class.

44. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq*. (the "Act").

45. Plaintiffs are consumers as defined by California Civil Code § 1761(d). The Products are "goods" within the meaning of the Act.

46. Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiffs and the California-Only Class which were intended to result in, and did result in, the sale of the Products:

> (5) Representing that [the Products have] . . . characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .
>
> \*   \*   \*
>
> (7) Representing that [the Products] are of a particular standard, quality, or grade … if they are of another.

47. Defendant violated the Act by making the Product healthy attribute representations, which are misleading half-truths, and the material omissions, as described above, when it knew or should have known that the misleading half-truths and material omissions were misleading and deceptive.

48. Pursuant to California Civil Code § 1782(d), Plaintiffs and the California-Only Class seek a Court Order declaring Defendant to be in violation of the CLRA, enjoining the above-described wrongful acts and practices of Defendant,

and ordering restitution and disgorgement.

49. Pursuant to § 1782 of the Act, Plaintiffs notified Defendant in writing by certified mail of the particular violations of § 1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act. A copy of the letter is attached hereto as Exhibit B.

50. If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act, Plaintiffs will amend this Complaint to add claims for actual, punitive, and statutory damages as appropriate.

51. Pursuant to § 1780 (d) of the Act, attached hereto as Exhibit C is the affidavit showing that this action has been commenced in the proper forum.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment:

A. Certifying the Classes as requested herein;

B. Issuing an order declaring that Defendant is in violation of the UCL and CLRA;

C. Enjoining Defendant's conduct;

D. Awarding restitution and disgorgement of Defendant's revenues to Plaintiffs and the proposed Class members;

E. Awarding attorneys' fees and costs; and

F. Providing such further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial of their claims by jury to the extent authorized by law.

Dated: August 31, 2018

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

 /s/*Patricia N. Syverson*
Patricia N. Syverson (203111)
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*To Be Admitted Pro Hac Vice*)
Carrie A. Laliberte (*To Be Admitted Pro Hac Vice*)
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

SIPRUT PC
Stewart M. Weltman (*To Be Admitted Pro Hac Vice*)
Todd L. McLawhorn (*To Be Admitted Pro Hac Vice*)
Michael Chang (*To Be Admitted Pro Hac Vice*)
17 North State Street
Chicago, Illinois 60602
sweltman@siprut.com
tmclawhorn@siprut.com
mchang@siprut.com
Telephone: (312) 236-0000

Attorneys for Plaintiffs

- 13 -
Class Action Complaint

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 31st day of August 2018.

                                */s/Patricia N. Syverson*
                                  Patricia N. Syverson